# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SUSAN TJELLE-MONFERDINI ) | |
| Plaintiff, ) | Cause No. 04 C 1689 |
| ) | |
| v. ) | Judge Suzanne B. Conlon |
| ) | Magistrate Judge Geraldine Soat Brown |
| CATERPILLAR, INC. ) | |
| Defendant. ) | |

To: The Honorable Suzanne Conlon
United States District Court Judge

## REPORT AND RECOMMENDATION

Geraldine Soat Brown, United States Magistrate Judge

Plaintiff Susan Tjelle-Monferdini ("Tjelle-Monferdini") filed an action against defendant Caterpillar, Inc. ("Caterpillar"), alleging retaliation in violation of the Fair Labor Standards Act. [Dkt 1.] The District Judge granted Caterpillar's motion for summary judgment. (Op. & Order, Sept. 27, 2004.) [Dkt 21.] Caterpillar filed a Bill of Costs pursuant to 28 U.S.C. §1920, Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1(a), requesting the sum of $2,192.65. (Def.'s Bill Costs at 1, 2.) [Dkt 23.] The District Judge referred the matter to this court for a report and recommendation. (Order, Nov. 15, 2004.) [Dkt 24.] On November 19, 2004, this court ordered that any objection to Caterpillar's Bill of Costs must be filed by December 6, 2004. (Order, Nov. 19, 2004.) [Dkt 25.] Tjelle-Monferdini never filed any objection to the amount of costs sought by Caterpillar. For the following reasons, this court respectfully recommends that Caterpillar's Bill of Costs be reduced to $2,154.65, to be taxed by the Clerk of Court against Tjelle-Monferdini.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Courts have consistently interpreted Rule 54(d) as providing a strong presumption that the prevailing party will recover costs. *See, e.g.*, *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). When summary judgment is granted in a party's favor, that party is the "prevailing party" for purposes of awarding costs. *Id.* at 944.

The costs that may be recovered pursuant to Rule 54(d)(1) are set out in 28 U.S.C. § 1920. The costs allowed are: (1) the fees of the clerk and marshal; (2) fees for court reporters and transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. A court may only impose costs upon the losing party if the expenses claimed are: (1) allowable cost items under § 1920; and (2) reasonable, both in amount and necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995); *see also Movitz v. First Natl. Bank of Chicago*, 982 F. Supp. 571, 574 (N.D. Ill. 1997). A court must review a proposed petition for costs "in scrupulous detail." *First City Sec., Inc. v. Shaltiel*, No. 92 C 2620, 1993 WL 408370 at *1 (N.D. Ill. Oct. 8, 1993) (Conlon, J.).

In its Bill of Costs, Caterpillar seeks deposition costs and duplicating costs. (Def.'s Bill Costs at 1-2.) In support of those costs, Caterpillar attached an affidavit by the attorney who prepared and reviewed Caterpillar's Bill of Costs, Christopher J. DeGroff, a partner with the law firm representing Caterpillar in this case. (Def.'s Bill Costs, DeGroff Aff.) In his affidavit, Mr. DeGroff stated that the costs contained and summarized in the Bill of Costs were correct, were reasonably and necessarily incurred in the case, and reflected services which were actually and

necessarily performed. (DeGroff Aff. ¶ 3.) Also in support of the costs requested, Caterpillar attached a schedule summarizing the costs claimed for court reporters' attendance and transcripts (Schedule A) and a schedule itemizing details regarding the documents copied (Schedule B), as well as invoices reflecting the court reporters' fees. (Def.'s Bill Costs, Schedules A & B; *id.*, Invoices.)

### Deposition Costs

Caterpillar seeks $1,902.25 in court reporter attendance fees and costs for the original transcripts of depositions taken in connection with the case. (Def.'s Bill Costs at 1.) The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). To provide the basis of an award of costs, it is sufficient if the transcripts are "reasonably necessary." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993) (citation omitted). Tjelle-Monferdini does not dispute the necessity of any of the transcripts, court reporter attendance fees or expedited processing fees associated with any of the four depositions taken in this case.

The fee charged by the court reporter's attendance at Tjelle-Monferdini's deposition ($38.00 per hour) is reasonable. (Def.'s Bill Costs, Invoices at 1.) *See Rodriguez v. City of Aurora Police Officer J. Ithal*, No. 02 C 7588, 2003 WL 22284202 at *2 (N.D. Ill. Oct. 2, 2003) (Conlon, J.) (finding that $40.00 per hour is a reasonable rate for court reporters). The fee charged for the transcript of Tjelle-Monferdini's deposition is also reasonable, as the invoice attached shows that Caterpillar paid no more than $3.85 per page (*id.*), which is below the rate set forth by the Judicial Conference of $4.40 per page for expedited transcripts. *See* General Order, United States District Court, Northern District of Illinois<http://10.205.15.104/CLERKS_OFFICE/CrtReporter/tfee0203.pdf (updated on Feb. 28, 2003); *see also* L.R. 54.1(b) (mandating that "the costs of the

transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference").

As for the remaining three depositions, the court notes that Caterpillar paid $4.65 per page, which is more than the rate set forth by the Judicial Conference of $4.40 per page for expedited transcripts, as discussed above. (Def.'s Bill Costs, Invoices at 2.) Thus, the court recommends that Caterpillar's claim of $1,902.25 in deposition costs be reduced by $0.25/page, or $38.00 (152 pages x $0.25/page). (*Id.*) Although the invoice reflecting the court reporter's fees for these three depositions lists additional costs incurred solely for Caterpillar's convenience, such as ASCII disks and condensed transcripts, the court notes from its review of Schedule A and the attached invoice that Caterpillar deducted those items from its Bill of Costs. (Def.'s Bill Costs at 2 n. 1; *id.*, Schedule A, Invoices at 2.) Thus, no further deductions need be made. Accordingly, the court respectfully recommends that Caterpillar be allowed to recover $1,864.25 in deposition costs.

### Duplicating Costs

Caterpillar also seeks to recover $290.40 in duplicating costs. (Def.'s Bill Costs at 2.) In support of its request, Caterpillar submitted Schedule B, which itemized the pleadings and related documents copied, the numbers of copies made, the number of pages that were copied, and the dates on which those documents were filed. (*Id.*, Schedule B.) In addition, Caterpillar provided the rate at which the copies were made, 20 cents per page. (*Id.* at 2.) Caterpillar states that all of the documents copied were filed with the court and/or served on Plaintiff's attorney. (*Id.*) Caterpillar seeks duplicating costs for three copies of each document filed with the court (one for Plaintiff's counsel and two for the court) and two copies of every other document required in this case (such

as Rule 26(a)(1) disclosures). (*Id.* at 2 n. 2; *id.*, Schedule B.)

28 U.S.C. § 1920 expressly authorizes "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The language "for use in the case" refers to materials actually prepared for use in presenting evidence to the court. *Shah v. Village of Hoffman Estates*, No. 00 C 4404, 2003 WL 21961362 at *2 (N.D. Ill. Aug. 14, 2003) (Leinenweber, J.) (citation omitted). "[P]hotocopying charges for discovery and the court's copies of documents can be awarded, but charges for copies made solely for attorney convenience cannot." *Id.* (quoting *Riley v. UOP LLC*, 258 F. Supp. 2d 841, 843 (N.D. Ill. 2003)). In proving that copies were necessary to the litigation and not made solely for attorney convenience, a party need not submit a "description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). It is sufficient that a party seeking recovery of photocopying costs provide a chart identifying the nature of each document copied, the number of copies of each document prepared, the number of pages in each document, the copying cost per page, and the total copying cost. *See In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897, 1999 WL 759472 at *6 (N.D. Ill. Sept. 1, 1999) (Kocoras, J.). Here, Caterpillar provided such details, including the nature of the document copied, the dates on which those documents were filed, the numbers of copies made, the number of pages copied, the copying cost per page, and the total copying cost. (Def.'s Bill Costs at 2; *id.*, Schedule B.) Moreover, it appears that the documents copied, *e.g.*, discovery and court filings, were "necessary to the litigation and not made solely for attorney convenience." *Shah*, 2003 WL 21961362 at *2; *see also* Schedule B. Finally, the rate of $0.20 per page is reasonable (*see Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 982 (N.D. Ill. 2003) and *Sharp v. United Airlines,*

*Inc.*, 197 F.R.D. 361, 363 (N.D. Ill. 2000)), as was the decision to make several copies because two were required by the court and one was required to be served on Tjelle-Monferdini. *See* Fed. R. Civ. P. 5. Thus, Caterpillar may recover $290.40 in duplicating costs.

## Conclusion

For the foregoing reasons, this court respectfully recommends that Caterpillar's Bill of Costs be allowed in the following amounts: (1) Deposition Costs: $1,864.25; and (2) Duplicating costs: $290.40, resulting in a total award of costs to Caterpillar in the amount of $2,154.65 to be taxed by the Clerk of Court against Tjelle-Monferdini. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72. Failure to file objections with the district court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

Geraldine Soat Brown
United States Magistrate Judge

February 2, 2005